UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————————————

RONALD LAMONT DAVIS, # 223815,  )
                                )
                 Plaintiff,     )      Case No. 1:16-cv-1008
                                )
v.                              )      Honorable Gordon J. Quist
                                )
HEIDI E. WASHINGTON, et al.,    )
                                )
                 Defendants.    )
————————————————————————)

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. It is one in a series of lawsuits that plaintiff has filed in this Court alleging that the food that served in prison fails to satisfy his religious dietary needs.  In this lawsuit, plaintiff named the Director of the Michigan Department of Corrections Heidi Washington and Correctional Facilities Administrator Thomas Finco as defendants. Plaintiff's claims and the relief sought are identical to those he asserted in *Davis v. Heyns*, 1:15-cv-19 (W.D. Mich.).  On February 28, 2017, Judge Janet Neff of this Court granted defendants' motion for summary judgment on all plaintiff's federal claims and declined to exercise supplemental jurisdiction over his purported state law claims.  On October 16, 2017, the United States Court of Appeals for the Sixth Circuit affirmed Judge Neff's decision.  *See  Davis v. Heyns*, No. 17-1268 (6th Cir. Oct. 16, 2017).

The matter is before the Court on cross-motions for summary judgment.  For the reasons set forth herein, I recommend that plaintiff's motion for summary judgment (ECF No. 23) be denied, that defendants' motion for summary judgment (ECF No. 26) be granted, and that all plaintiff's federal claims be dismissed with prejudice because they are barred by claim and issue preclusion.  I recommend that the Court decline to exercise supplemental jurisdiction over plaintiff's purported state law claims.

## Summary Judgment Standard

When reviewing cross-motions for summary judgment, the court must assess each motion on its own merits.  *See Federal Ins. Co. v. Hartford Steam Boiler Inspection & Ins. Group*, 415 F.3d 487, 493 (6th Cir.2005).  " '[T]he filing of cross-motions for summary judgment does not necessarily mean that an award of summary judgment is appropriate.' "  *Spectrum Health Continuing Care Group v. Anna Marie Bowling Irrevocable Trust*, 410 F.3d 304, 309 (6th Cir. 2005) (quoting *Beck v. City of Cleveland*, 390 F.3d 912, 917 (6th Cir. 2004)).

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); *McKay v. Federspiel*, 823 F.3d 862, 866 (6th Cir. 2016).  The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law.' " *Rocheleau v. Elder Living Const., LLC*, 814 F.3d 398, 400 (6th Cir. 2016) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).  The Court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *France v. Lucas*, 836 F.3d 612, 624 (6th Cir. 2016).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim.  *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005).  Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings.  *See Ellington v. City of E. Cleveland*, 689 F.3d 549, 552 (6th Cir. 2012); *see also Scadden v. Warner*, 677 F. App'x 996, 1001, 2017 WL 384874, at * 4 (6th Cir. Jan. 27, 2017).  The motion for summary judgment forces the nonmoving party to present evidence sufficient to create a genuine issue of fact for trial.  *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990); *see Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th

Cir. 2012).  "A mere scintilla of evidence is insufficient; 'there must be evidence on

which a jury could reasonably find for the [non-movant].' " *Dominguez v. Correctional*

*Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252);

*see Brown v. Battle Creek Police Dep't*, 844 F.3d 556, 565 (6th Cir. 2016).

A moving party with the burden of proof faces a "substantially higher hurdle."

*Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*,

270 F.3d 1036, 1056 (6th Cir. 2001).  The moving party without the burden of proof

needs only show that the opponent cannot sustain his burden at trial.  "But where

the moving party has the burden – the plaintiff on a claim for relief or the defendant

on an affirmative defense – his showing must be sufficient for the court to hold that

no reasonable trier of fact could find other than for the moving party."  *Calderone v.*

*United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation and quotation omitted).  The

Court of Appeals has repeatedly emphasized that the party with the burden of proof

faces "a substantially higher hurdle" and " 'must show that the record contains

evidence satisfying the burden of persuasion and that the evidence is so powerful that

no reasonable jury would be free to disbelieve it.' "  *Arnett*, 281 F.3d at 561 (quoting

11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138

(3d ed. 2000)); *see Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012); *Cockrel*,

270 F.2d at 1056.  Accordingly, summary judgment in favor of the party with the

burden of persuasion "is inappropriate when the evidence is susceptible of different

interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

### Proposed Findings of Fact

The following facts are beyond genuine issue.  Plaintiff was an inmate in the custody of the Michigan Department of Corrections (MDOC) at all times relevant to his complaint.  Plaintiff is an adherent of the Islamic faith whose beliefs compel him to eat only halal food.  (Compl. ¶¶ 1, 5, ECF No. 1, PageID.4, 7; Plf. Aff. ¶ 2, ECF No. 24, PageID.279).

On July 26, 2013, the MDOC implemented a policy directive requiring the MDOC to provide vegan meals that comply with kosher, halal, and Buddhist religious tenets.  (P.D. 05.03.150).  The policy provides that a prisoner who believes the Vegan menu does not meet his/her religious dietary needs may request an alternative menu.  (ECF No. 1-1, PageID.52-60; ECF No. 27-2, PageID.330-38).

On September 4, 2013, plaintiff asked to participate in the vegan meal line.  (ECF. No.1-1, PageID.63).  Plaintiff then decided that it did not satisfy his own religious dietary preferences because he was denied dairy, fish, poultry and meat products which Allah has commanded him to eat.  Plaintiff's requests to be provided with an alternative religious menu containing meat have been denied.  (Compl. ¶¶ 30, 35, 62, 63, ECF No. 1, PageID.20, 22, 32).

On January 8, 2015, plaintiff filed a civil rights action claiming violations of his rights under:  (1) the Religious Land Use and Institutionalized Persons Act of

2000 (RLUIPA), by providing him with only a vegan menu; (2) the Equal Protection

Clause of the Fourteenth Amendment, by forcing him to eat a diet appropriate for

Buddhists and Jews, (3) Article I, section 2 of the Michigan Constitution, (4) the Free

Exercise Clause of the Fourteenth Amendment, by preventing him from eating all

foods approved by Allah and by forcing the customs of other religions on his dietary

practices, and (5) Article I, section four of the Michigan Constitution.  Plaintiff asked

for a declaratory judgment, injunctive relief, and damages.  *Davis v. Heyns*, 1:15-cv-

19 (W.D. Mich.).

On August 11, 2016, plaintiff filed this lawsuit.  (ECF No. 1).  Plaintiff again

claims violations of his rights under RLUIPA, the First Amendment's Free Exercise

Clause, and the Fourteenth Amendment's Equal Protection Clause.  (*Id.* at 38-45,

PageID.38-45).  He again asks this Court to exercise supplemental jurisdiction over

purported claims under Article I, sections two and four of Michigan's Constitution.

(*Id.* at 46-48, PageID.46-48).  Plaintiff repeats his requests for declaratory judgment,

injunctive relief and compensatory and punitive damages.  (*Id.* at 39-40, 42-43, 45,

47, 49, PageID.39-40, 42-43, 45, 47, 49).

On  February 28, 2017,  Judge  Neff  granted  the  defendants'  motion  for

summary judgment in the earlier-filed case.  *See Davis v. Heyns*, 1:15-cv-19, 2017 WL

762401 (W.D. Mich. Feb. 28, 2017).

On October 16, 2017, the United States Court of Appeals affirmed Judge Neff's decision.[1] *Davis v. Heyns*, No. 17-1268 (6th Cir. Oct. 16, 2017).  The Court of Appeals held that there had been no violation of plaintiff's rights under RLUIPA, the First Amendment, or the Fourteenth Amendment's Equal Protection Clause.  The Sixth Circuit held that there was no violation of plaintiff's First Amendment rights. Further, the Sixth Circuit found that this Court properly declined to exercise supplemental jurisdiction over plaintiff's state-law claims.

## Discussion

### I.   Preclusion

#### A   Issue Preclusion

Defendants argue that this lawsuit is barred by issue preclusion, also known as collateral estoppel.  (Defendants' Brief at 2, ECF No. 27, PageID.315).  Plaintiff's brief (ECF No. 30) fails to address preclusion stemming from his earlier lawsuit.

Collateral estoppel or issue preclusion prevents parties from "raising an argument that they already fully litigated in an earlier legal proceeding." *Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015).  The purpose of issue preclusion "is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources." *Heike v. Cent. Mich. Univ. Bd. of Trustees*, 573 F. App'x. 476, 479 (6th Cir. 2014) (quoting *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1227 (6th Cir. 1981)); s*ee George v. Hargett*, No. 16-5563, __

---

[1] The Sixth Circuit's decision appears at ECF No. 66 in Case No. 1:15-cv-19.

F.3d __, 2018 WL 327069, at *5 (6th Cir. Jan. 9, 2018) ("Issue preclusion, also referred to as collateral estoppel, is a judicially created doctrine that "promotes finality, conserves judicial resources, and prevents inconsistent decisions.").

Issue preclusion bars relitigation of an issue when the identical issue was raised and actually litigated in a prior proceeding, the determination of the issue was necessary to the outcome, the prior proceeding resulted in a final judgment on the merits, and the party against whom issue preclusion is sought had a full and fair opportunity to litigate. *See Taylor v. Sturgell*, 553 U.S. 880, 891-92 (1984). All of these requirements for issue preclusion are satisfied by plaintiff's unsuccessful litigation of the same claims in *Davis v. Heyns*, 1:15-cv-19.[2]

B    Claim Preclusion

*Res judicata*, or claim preclusion, is an affirmative defense that generally should be raised by the defending party. *See* FED. R. CIV. P. (8)(c)(1). Nevertheless, the Supreme Court has indicated that a court may take the initiative to assert the *res judicata* defense *sua sponte* in "special circumstances." *Arizona v. California*, 530 U.S. 392, 412 (2000). Claim preclusion "is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id.* (citation and quotation omitted). A district court may raise claim preclusion in the interests of promoting judicial economy where the

---

[2] Plaintiff's federal claims are so plainly barred that addressing grounds beyond issue and claim preclusion would be a waste of judicial resources.

existence of claim preclusion is readily apparent and there is no unfairness to any

party because the duplicative nature of proceedings has been recognized as an issue.

*See Hutcherson v. Lauderdale County, Tenn.*, 326 F.3d 747, 757 (6th Cir. 2003).

Because claim preclusion bars the present case, it is appropriate for the Court to raise

the defense *sua sponte*.

Under the doctrine of claim preclusion, a final judgment forecloses successive

litigation of the same claim, whether or not relitigation of the claim raises the same

issues as the earlier suit.  *Taylor v. Sturgell*, 553 U.S. at 892; *Stryker Corp. v.

National Union Fiore Ins. Co. of Pittsburgh*, 681 F.3d 819, 824 (6th Cir. 2012).  Claim

preclusion consists of four elements:  "(1) a final decision on the merits by a court of

competent jurisdiction; (2) a subsequent action between the same parties or their

privies; (3) an issue in the subsequent action which was litigated or which should

have been litigated in the prior action; and (4) an identity of the causes of action."

*Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006) (internal

quotation marks omitted).  All four elements of the claim preclusion doctrine are met

in the present case.  First, Judge Neff entered a final decision on the merits in *Davis

v. Heyns*, 1:15-cv-19.  The present case involves the same parties or their privies.

Although MDOC's Director Washington was not a named party in the earlier case,

she is in privity with her predecessor as director.  *See Sanders Confectionary Prods.,

Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 481 (6th Cir. 1992) ("Privity in this sense means

a successor in interest to the party, one who controlled the earlier action, or one whose

interests were adequately represented."). The issues that plaintiff seeks to litigate in this lawsuit were litigated or should have been litigated in the prior action. Plaintiff asserted identical causes of action.

## II.    Supplemental Jurisdiction

Plaintiff asks the court to exercise supplemental jurisdiction over his state-law claims. Under 28 U.S.C. § 1367, a district court has broad discretion to decide whether to exercise jurisdiction over state law claims." *Smith v. Erie County Sheriff's Dep't*, 603 F. App'x 414, 424 (6th Cir. 2015). "Supplemental jurisdiction is a doctrine of discretion, not of plaintiff's right." *Habich v. City of Dearborn*, 331 F.3d 524, 535 (6th Cir. 2003). Generally, where all federal claims have been dismissed, federal courts decline to exercise supplemental jurisdiction over a plaintiff's state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008). There is no reason in this case to depart from the general rule.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's motion for summary judgment (ECF No. 23) be denied. I recommend that defendants' motion for summary judgment (ECF No. 26) be granted and that all plaintiff's federal claims be dismissed with prejudice because they are barred by claim and issue preclusion. I recommend that the Court decline to exercise supplemental jurisdiction over plaintiff's purported state law claims.

Dated:   January 29, 2018                    /s/  Phillip J. Green
                                             PHILLIP J. GREEN
                                             United States Magistrate Judge


### NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008).  General objections do not suffice.  *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).