UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LAMONT DAVIS,

     Plaintiff,

v.                                                              Case No. 1:16-CV-1008

HEIDI E. WASHINGTON, et al.,                     HON. GORDON J. QUIST

     Defendants.

_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

     This is a civil rights action brought by state prisoner, Ronald Davis, under 42 U.S.C. §
1983.  The parties filed cross-motions for summary judgment.  Magistrate Judge Phillip Green
issued a Report and Recommendation (R & R), recommending that the Court deny Davis' motion
(ECF No. 23), grant Defendants' motion (ECF No. 26), and decline to exercise supplemental
jurisdiction over Davis' purported state law claims.  (ECF No. 32.)  Davis filed an Objection to
the R & R.  (ECF No. 33.)

     Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written
objections" to the R & R, and the Court is to consider any proper objection.  Local Rule 72.3(b)
likewise requires that written objections "shall specifically identify the portions" of the R & R to
which a party objects.  Under 28 U.S.C. § 636(b), upon receiving objections to a report and
recommendation, the district judge "shall make a de novo determination of those portions of the
report or specified proposed findings or recommendations to which objection is made."  After

conducting a de novo review of the R & R, Davis' objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

The R & R details the procedural history of this case and that of a parallel case Davis filed shortly before this one. Davis filed the earlier suit alleging the same claims and seeking the same relief. On February 28, 2017, Judge Janet Neff dismissed Davis' other suit on the merits. On October 16, 2017, the Sixth Circuit affirmed Judge Neff's decision. The R & R now recommends dismissing Davis' federal claims because they are barred by issue preclusion and claim preclusion, and declining to exercise supplemental jurisdiction over Davis' remaining state law claims. Davis asserts four objections.

First, Davis objects that issue preclusion does not apply because this case was filed before Judge Neff dismissed his parallel case. Davis does not cite any case law to demonstrate that a decision in a contemporaneous parallel case does not qualify as an "earlier legal proceeding." *See Anderson v. City of Blue Ash*, 798 F.3d 338, 350 (6th Cir. 2015) ("Claim and issue preclusion generally prevent parties from raising an argument that they already fully litigated in an earlier legal proceeding.") Judge Neff's decision in Davis' parallel case was rendered prior to Defendants' motion for summary judgment in this case, and the Sixth Circuit has since affirmed her decision. This is not a bar to claim or issue preclusion. Davis' first objection is without merit.[1]

Second, Davis argues that the magistrate judge incorrectly stated that Davis failed to address preclusion in his brief. This is not dispositive because Davis' arguments in his brief do not cure the fact that this case is barred by claim and issue preclusion. This objection is without merit.

---

[1] Davis also argues that the magistrate judge should have granted Defendants' earlier Motion to Stay pending appeal—Davis appears to argue that the magistrate judge should have joined his two cases. Not only is this argument contrary to Davis' own position against that motion, but it is also contrary to Federal Rule of Civil Procedure 18 and is moot.

Third, Davis objects that he was denied the right to discovery. Discovery would not cure the fact that this case is barred by claim and issue preclusion. This objection is without merit.

Fourth, Davis objects that collateral estoppel[2] does not apply to the individual defendants in this suit in their individual capacities because they were not parties to the earlier litigation. Although "strict claim preclusion does not apply to [the individual defendants] in their *individual* capacity," Davis "has not presented sufficient evidence that actions in their *non-official* capacity by [one of the] part[ies] would raise a colorable § 1983 claim." *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 751 (6th Cir. 2002) (emphasis in original). "The Court should not allow [Davis] to continue this repetitive litigation simply by finding some . . . official that has not yet been sued, and trying to blame . . . that one person individually." *Pittman v. Michigan Corrs. Org.*, 123 F. App'x 637, 641 (6th Cir. 2005) (quoting *Dubuc*, 312 F.3d at 751).

Davis did not object to the recommendation that the Court decline to exercise supplemental jurisdiction over his state law claims. Any objection is therefore deemed waived. The Court will exercise its discretion and decline supplemental jurisdiction over Davis' state law claims.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 32) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objection (ECF No. 33) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 23) is **DENIED**, Defendants' Motion for Summary Judgment (ECF No. 26) is **GRANTED** and Plaintiff's federal claims are **DISMISSED WITH PREJUDICE**.

---

[2] Davis presumably meant *res judicata* or claim preclusion in this objection.

**IT IS FURTHER ORDERED** that Plaintiff's state law claims are **DISMISSED WITHOUT PREJUDICE**.

This case is **concluded**.

A separate judgment will issue.


Dated: April 2, 2018                                /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                       UNITED STATES DISTRICT JUDGE